**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| MELISSA ANDERSON, | DOCKET NUMBER |
| Appellant, | AT-3330-14-0254-I-1 |
| v. | |
| DEPARTMENT OF VETERANS AFFAIRS, | DATE: December 23, 2014 |
| Agency. | |

# THIS ORDER IS NONPRECEDENTIAL[1]

Steven L. Herrick, Esquire, San Diego, California, for the appellant.

Bradley Flippin, Nashville, Tennessee, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**REMAND ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which denied her request for corrective action under the Veterans Employment Opportunities Act of 1998 (VEOA) and the Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA).  For the reasons discussed below,

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  See 5 C.F.R. § 1201.117(c).

we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the case to the regional office for further adjudication in accordance with this Order.

¶2    The appellant is a 10-point preference eligible veteran with a compensable service-connected disability of 30% or more who served as a GS-12 Research Audiologist on a term appointment.  Initial Appeal File (IAF), Tab 1 at 1.  She applied for a permanent GS-13 Audiologist position, but the agency canceled the vacancy announcement on the closing date.  *Id.*, Tab 6, Subtabs 4f-4g.  Several months later, the agency reannounced the vacancy and the appellant again applied for it.  *Id.*, Subtab 4i.  The agency determined that, while she met the basic qualifications, she did not meet the requirements for the reannounced position.  *Id.*, Subtab 4l.  She filed a complaint with the Department of Labor (DOL), *id.*, Tab 3 at 2-4, and, when DOL's Veterans' Employment and Training Services subsequently advised her that it had completed its investigation into her complaint and closed its file, *id.*, Tab 4, Subtab 4h, she filed a Board appeal, *id.*, Tab 1.  Therein she alleged that the agency purposely wrote the job description for the position under the second announcement in order to preselect a fellow audiologist who was a nonveteran; that, with regard to the appellant's qualifications, certain agency officials only provided the National Audiology Professional Standards Board (Standards Board) "part of her information;" and that, in any event, the agency intended to, and did, hire the nonveteran audiologist.  And, the appellant argued that, after she applied for the position, the agency extended her term appointment for only 6 months, whereas it extended her fellow audiologists' appointments for 12 months, *id.* at 4, and gave her a lower performance rating, *id.* at 5.  She requested a hearing.  *Id.* at 2.

¶3    The administrative judge acknowledged the appeal as a VEOA appeal, scheduled the hearing, and directed the parties to file prehearing submissions and

to participate in a prehearing conference.[2] *Id.* Tab 7. When the appellant neither filed any prehearing submissions nor was available to participate in the prehearing conference, the administrative judge canceled the hearing, and set a date for the close of the record. *Id.*, Tab 9. At that time, he also stated that the appellant appeared to have identified a VEOA and/or a USERRA claim, and he set out as to both statutes the appellant's burdens of proof to establish jurisdiction. *Id.*

¶4 After the parties made final submissions, *id.*, Tabs 10, 12, the administrative judge issued an initial decision in which, after finding that the appellant had established the Board's jurisdiction under both VEOA and USERRA, *id.*, Tab 13, Initial Decision (ID) at 2-4, he denied her request for corrective action under both statutes, ID at 11.

¶5 The appellant has filed a petition for review, Petition for Review (PFR) File, Tab 1, to which the agency has responded in opposition, *id.*, Tab 3.

<u>The administrative judge erred in deciding this case without providing the appellant her burden of proof to establish her claims on the merits.</u>

¶6 When the administrative judge canceled the hearing and stated his intention to decide the case on the written record unless the appellant requested that the hearing be reinstated and provided good cause, he, for the first time, set out the appellant's jurisdictional burdens to establish a VEOA and a USERRA claim. IAF, Tab 9 at 2-3. He also instructed the parties to submit "all documentation they [wished] the Board to consider" by the close of the record but did not explain to the appellant what she must show in order to establish her claims on the merits. *Id.* at 1. He then proceeded to adjudicate both claims on the merits,

---

[2] The administrative judge also noted that the appellant appeared to have raised an allegation of retaliation for whistleblowing and indicated that he would open a separate appeal file to adjudicate that claim. IAF, Tab 7. He subsequently dismissed the appellant's individual right of action appeal for lack of jurisdiction. *Anderson v. Department of Veterans Affairs*, MSPB Docket No. AT-1221-14-0461-W-1, Initial Decision at 2-3 (Apr. 8, 2014). That decision became the Board's final decision on May 13, 2014, when neither party filed a petition for review.

finding that the appellant failed to prove them and denying her request for corrective action. ID at 5-11.

¶7    To be entitled to relief under VEOA, an appellant must show by preponderant evidence that the agency violated one or more of her statutory or regulatory veterans' preference rights. *Dale v. Department of Veterans Affairs*, 102 M.S.P.R. 646, ¶ 10 (2006). To prevail on the merits of a USERRA claim under 38 U.S.C. § 4311(a),[3] an appellant must prove by preponderant evidence that her uniformed service was a substantial or motivating factor in the agency action. *McMillan v. Department of Justice*, 120 M.S.P.R. 1, ¶ 19 (2013). If the appellant makes that showing, the agency can avoid liability by showing, as an affirmative defense, that it would have taken the same action for a valid reason without regard to her uniformed service. *Id.*

¶8    On review, the appellant renews her claims that an agency employee told her that she was going to submit only a portion of the appellant's supporting documentation to the Standards Board, omitting her service with the Armed Forces. And she argues that that employee's statement, submitted by the agency, is untruthful; that the selecting official stated that he did not wish to hire the appellant; and that another agency official claimed not to know any prior military audiologist who did not have significant mental health issues. PFR File, Tab 1 at 3, 5.

¶9    The Board has recognized its obligation to treat pro se appellants fairly. *See, e.g.*, *Melnick v. Department of Housing & Urban Development*, 42 M.S.P.R. 93, 97 (1989), *aff'd*, 899 F.2d 1228 (Fed. Cir. 1990) (Table) (the Board has a long-standing rule of construing pro se pleadings liberally). While it is within the

---

[3] The appellant did not allege, nor does it appear that by its actions the agency violated 38 U.S.C. § 4311(b) which prohibits an agency from discriminating or retaliating against a person because she has: (1) taken an action to enforce a protection afforded under chapter 38; (2) testified or otherwise made a statement in or connection with any proceeding under chapter 38; (3) assisted or otherwise participated in an investigation under chapter 38; or (4) exercised a right provided for in chapter 38.

administrative judge's sound discretion when to close the record, such discretion must conform to the basic requirements of fairness and notice. *Blackmer v. Department of the Navy*, 52 M.S.P.R. 571, 574 (1992). Here, the appellant, who appeared pro se below,[4] was never advised prior to the close of the record of her burden of proof as to the merits on either her VEOA or her USERRA claims or of the requirement that she present evidence in support. Therefore, this appeal must be remanded. *See Ruffin v. Department of the Treasury*, 89 M.S.P.R. 396, 399 (2001); *cf. Lis v. U.S. Postal Service*, 113 M.S.P.R. 415, ¶ 10 (2010) (where the appellant did not request a hearing, but was advised below of the burden of proof on the merits of the VEOA claim and was ordered to submit evidence pertaining to both jurisdiction and the merits of his request for corrective action, he was provided a full and fair opportunity to develop the record on his VEOA claim, the Board could resolve that matter without remanding the case for further proceedings).

The appellant waived her right to a hearing.

¶10        As noted, after the appellant failed to submit her prehearing submission and failed as well to appear at the hearing she had requested, the administrative judge indicated that "it appears likely that [the appellant] has opted to waive her hearing request and have this matter decided based upon the written record." IAF, Tab 9 at 1. Although he canceled the scheduled hearing, he afforded the appellant an opportunity to submit a motion to reinstate the hearing, directing her to provide a reasonable explanation for why she was unable to provide timely prehearing submissions and appear for the scheduled conference, and to provide her belated prehearing submissions. The administrative judge stated that, if the appellant complied with his direction by the date given, and if he determined that she showed good cause for her lapses, he would immediately contact the parties to reschedule the hearing but that, if she did not, the record would close as he had

---

[4] After the record closed on review, the appellant designated an attorney representative. PFR File, Tab 4.

indicated. *Id.* at 2. The appellant did not submit a motion to reinstate the hearing, *id.*, Tab 10, and the record closed in order with the administrative judge's earlier order.

¶11        On review, the appellant argues that no witnesses were ever questioned who could or would have spoken on her behalf. PFR File, Tab 1 at 3. To the extent that her argument can be read as a challenge to the administrative judge's decision not to convene a hearing, that argument is unavailing. An administrative judge has the authority to sanction a party when necessary to serve the interests of justice. 5 C.F.R. § 1201.43. That authority includes the right to sanction a party for failure to comply with an order. *Id.* While an appellant's right to a hearing should not be denied as a sanction absent extraordinary circumstances, *see Hart v. Department of Agriculture*, 81 M.S.P.R. 329, ¶ 5 (1999); *see also Stein-Verbit v. Department of Commerce*, 72 M.S.P.R. 332, 337 (1996), here, as noted, the appellant failed to provide prehearing submissions, failed to make herself available for the scheduled prehearing conference, and could not be reached at the home and office telephone numbers she had previously provided the Board, IAF, Tab 9 at 1. Under the circumstances, we find that the administrative judge did not abuse his discretion by canceling the appellant's requested hearing. *See Heckman v. Department of the Interior*, 106 M.S.P.R. 210, ¶¶ 8-12 (2007). In addition, although afforded the opportunity, the appellant did not seek to have the hearing reinstated and did not otherwise provide any explanation for her failure to act. Neither has she provided any such explanation on review. We further find, therefore, that the administrative judge did not abuse his discretion in failing to reconvene the hearing. *See Blount v. Department of the Treasury*, 109 M.S.P.R. 174, ¶ 9 (2008) (the right to a hearing is waived upon failure to request on after being placed on notice that such a request is necessary).

## ORDER

For the reasons discussed above, we REMAND this case to the regional office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:                    _____
                                 William D. Spencer
                                 Clerk of the Board

Washington, D.C.